UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL GERARD BURLEW,

                Petitioner,

v.                                          Case No. 5:06-cv-256-Oc-10GRJ

SECRETARY, FLA., D.O.C.
et al.,
                Respondents.
_____

**ORDER**

**I. Status**

Petitioner Michael Gerard Burlew, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on July 17, 2006, pursuant to the mailbox rule. Petitioner challenges a 2004 state court (Citrus County, Florida) judgment of conviction for attempted lewd and lascivious conduct on the following grounds: (1) ineffective assistance of trial counsel for failing to file a motion to dismiss the Information due to the procedural defects contained therein, after advising Petitioner that he would do so, and (2) ineffective assistance of trial counsel for advising Petitioner to enter a plea to a defective charging Information.

Respondents have responded. See Respondents' Response to Petition (hereinafter Response) (Doc. #7).[1] Petitioner was given admonitions and a time frame to respond. See Court's Order (Doc. #6). Petitioner has replied. See Petitioner's Response to Respondents' Response (hereinafter Reply) (Doc. #10). This case is now ripe for review.

## II. Procedural History

On November 16, 2001, the State filed an Information in Case No. 2001-919-CF-A, charging Petitioner with lewd and lascivious battery in violation of Fla. Stat. § 800.04(4)(a). Resp. Ex. A at 10. On November 20, 2001, the State amended the Information. Id. at 12. Additionally, on November 16, 2001, the State filed an Information in Case No. 2001-934-CF-A, charging Petitioner with lewd and lascivious battery in violation of Fla. Stat. § 800.04(4)(a). Resp. Ex. F, Order on Motion for Post Conviction Relief, attached exhibit.

Petitioner signed a plea agreement in Case Nos. 2001-919 and 2001-934, and on January 30, 2002, the trial court accepted the plea of no contest. Resp. Ex. A at 22-25, Waiver of Rights and Plea Agreement. While charged with lewd and lascivious battery upon a child (twelve years of age or older, but less than sixteen years of age) in two separate cases (Case Nos. 2001-919 and 2001-934), he pled no contest to attempted lewd and lascivious conduct

---

[1] The Court will refer to Respondents' exhibits as "Resp. Ex."

in each case. Id. at 22. As a result, he was sentenced to three years of sex offender probation. Id. at 27; Resp. Ex. D, Transcript of the Plea and Sentencing Hearing (hereinafter Plea Tr.).

On January 13, 2003, Petitioner's probation officer filed an Affidavit of Violation of Sex Offender Probation. Id. at 32. On June 16, 2003, the trial court withheld an adjudication of guilty and reinstated probation with the same or similar conditions. Id. at 70-72. On March 9, 2004, Petitioner's probation officer filed a second Affidavit of Violation of Sex Offender Probation. Id. at 78.

On May 17, 2004, the trial court held a violation of probation hearing and found that Petitioner had violated his probation. Resp. Ex. B at 205-06. On May 17, 2004, the trial court revoked probation and sentenced Petitioner to eight years of incarceration in Case No. 2001-919 for attempted lewd and lascivious conduct, a third degree felony, in violation of Fla. Stat. § 800.04(6)(c)1. and seven years of incarceration in Case No. 2001-934 for attempted lewd and lascivious conduct, a third degree felony, in violation of Fla. Stat. § 800.04(6)(c)1., to run consecutively to Case No. 2001-919. Resp. Ex. A at 97; Resp. Ex. B at 211. Petitioner's counsel filed a motion to correct a sentencing error, pointing out that Petitioner was originally sentenced on two third degree felonies punishable by a maximum sentence of five years of incarceration on

each case. Resp. Ex. A at 114-15. On June 14, 2004, the trial court granted the motion to correct, and Petitioner was re-sentenced to five years of incarceration in Case No. 2001-919 and five years of incarceration in Case No. 2001-934, to run consecutively to Case No. 2001-919. Id. at 117-18.

On appeal, Petitioner, through counsel, filed an initial brief, raising the following issues: (1) the trial court had no jurisdiction to proceed on the unsworn allegations of violation of probation; (2) the trial court erred by finding a willful and substantial violation of probation; and (3) the trial court failed to act as a neutral fact finder, and appellant is entitled to a new violation and sentencing hearing before a different judge. Resp. Ex. E. After the answer and reply briefs were filed, the appellate court, in a written opinion, affirmed on July 8, 2005. Burlew v. State, 905 So.2d 1035 (Fla. 5th DCA 2005); Resp. Ex. E. The mandate was issued on July 27, 2005. Resp. Ex. E.

On or about September 8, 2005, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following issues: (1) ineffective assistance of trial counsel for failure to file a motion to dismiss the Information due to procedural defects contained within the Information, after advising Petitioner that he would do so, and (2) ineffective assistance of trial counsel for advising Petitioner to plead to a defective Information. Resp. Ex. F. On September 30,

4

2005, the trial court denied the Rule 3.850 motion. Id. Petitioner's motion for rehearing and amended motion for rehearing were denied on November 30, 2005. Id. On March 10, 2006, Petitioner's motion for belated appeal was denied. Id. On March 21, 2006, the appellate court per curiam affirmed without issuing a written opinion. Burlew v. State, 925 So.2d 332 (Fla. 5th DCA 2006); Resp. Ex. F. The mandate was issued on April 7, 2006. Resp. Ex. F.

On April 10, 2006, Petitioner filed a Notice to Invoke the Discretionary Jurisdiction of the Supreme Court of Florida. Resp. Ex. G. On April 24, 2006, the Supreme Court of Florida dismissed the petition, stating it did not have jurisdiction. Burlew v. State, 929 So.2d 1051 (Fla. 2006); Resp. Ex. G. The federal Petition was filed in this Court on July 17, 2006.

### III. One-Year Limitations Period

Respondents contend that the one-year period of limitations began to run on March 1, 2002 (thirty days from January 30, 2002, when the trial court entered the judgment and conviction on the original offense). See Response at 5-9. In support of their argument, they cite Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006), which has been overruled by Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007)[2], cert.

---

[2] The Court held that "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the

5

denied, 129 S.Ct. 1033 (2009). Thus, based on Ferreira, the Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted by this Court.

### V. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), the review "is 'greatly circumscribed and highly deferential to the

---

petitioner is serving, is final." Ferreira, 494 F.3d at 1293.

state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[3] resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[4] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303. The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

---

[3] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

7

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." Schriro, 550 U.S. at 473-74. This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

## **VI. Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable

> probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.[5]" Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), cert. denied, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the

---

[5] In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the Court held that the two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Thus, to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

9

>           more leeway courts have in reaching outcomes
>           in case-by-case determinations").

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).  See also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

### VII. Findings of Fact and Conclusions of Law

Petitioner claims that counsel was ineffective for failing to file a motion to dismiss the Information due to the procedural defects contained therein, after advising Petitioner that he would do so (ground one) and for advising Petitioner to enter a plea to a defective charging Information (ground two).  Petitioner raised these ineffectiveness claims in his Rule 3.850 motion.  The trial court identified the two-prong Strickland ineffectiveness test as the controlling law and denied the Rule 3.850 motion with respect to these issues, stating in pertinent part:

> The Defendant alleges that trial counsel "failed to file a motion to dismiss the information charging Defendant, due to the procedural defects contained within said information after advising Defendant he would do so."  The procedural defect in the information cited by the Defendant is the Defendant's age at the time of the crimes, and his allegation that the information "contained and charged Defendant with 2 separate [*sic*] felonies and each felony held different elements."  The information lists the Defendant's date of birth as 04/11/1983, which

10

> is the same date of birth on the Defendant's arrest record. The Defendant has not provided any documentation to this Court to dispute this date. The Defendant's allegation that the information "contained and charged Defendant with 2 separate [sic] felonies and each felony held different elements" is unclear to this Court. The information contains only the charge "victim is child, lewd and lascivious battery." See attached.[6]
>
> The Defendant alleges that trial counsel "advised and allowed Defendant to plead to the charges filed against him by way of charging information that is and was illegally impossible [sic]." The Defendant alleges that the offense of which he was convicted is a first degree misdemeanor, rather than a third degree felony, based on his age at the time of the crimes. Such is incorrect. The Defendant was sentenced under Fla. Stat. § 800.04 which provides that an offender less than 18 years of age who commits lewd or lascivious conduct commits a felony of the third degree.[7] Thus, the Defendant was sentenced appropriately. See attached scoresheet.
>
> The Defendant's allegations of ineffective assistance of counsel fail to meet the standard required by Strickland.

Resp. Ex. F. On appeal, the appellate court per curiam affirmed without issuing a written opinion. Burlew v. State, 925 So.2d 332 (Fla. 5th DCA 2006); Resp. Ex. F.

Accordingly, these claims were rejected on the merits by the state trial court. And, to the extent that the appellate court

---

[6] The Information for Case No. 2001-919 as well as the Information for Case No. 2001-934 are attached as exhibits to the Order on Motion for Post Conviction Relief. Resp. Ex. F.

[7] See Fla. Stat. § 800.04(6)(c).

rejected the claims on the merits, there are qualifying state court decisions. These claims should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of these claims because the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner (seventeen years old at the time of the offenses) was charged with lewd and lascivious battery upon a child (twelve years of age or older, but less than sixteen years of age), a second degree felony, in two separate cases (Case Nos. 2001-919 and 2001-934) in violation of Fla. Stat. § 800.04(4)(a). The trial judge found there was a factual basis in each case for Petitioner's pleading no contest to attempted lewd and lascivious conduct (a third degree felony) in each case in violation of Fla. Stat. § 800.04(6)(c)1. Plea Tr. at 9-10; Resp. Ex. A at 99, Judgment. Petitioner's contention that he was initially charged with third degree felonies is incorrect. See Reply at 2.

Here, counsel's performance was not deficient. Even assuming arguendo deficient performance by defense counsel, Petitioner has

12

not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. As reflected in the plea agreement, Petitioner initially faced two charges of lewd and lascivious battery (second degree felonies), each charge punishable by a maximum term of fifteen years of imprisonment. Resp. Ex. A at 22. By entering the plea of no contest to the lesser offenses of attempted lewd and lascivious conduct (third degree felonies), he was sentenced to reduced terms of imprisonment of five years in Case No. 2001-919 followed by five years in Case No. 2001-934. The ineffectiveness claims are without merit.

### **VIII. Conclusion**

Clearly, "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner Burlew's] ineffective-assistance claim[s] fail[]." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009). Any claims not specifically addressed are found to be without merit. Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

13

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Ocala, Florida, this 13th day of July, 2009.

*[signature]*

UNITED STATES DISTRICT JUDGE

sc 6/30
c:
Michael Gerard Burlew
Ass't Attorney General (Morris)